UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 25-8021 |
|---|---|
| Case Name | Cubin v. Gordon |
| Party or Parties Filing Notice of Appeal Or Petition | Plaintiff-Appellant Dr. Frederick William "Eric" Cubin III |
| Appellee(s) or Respondent(s) | Defendant-Appellee Wyoming Governor Mark Gordon |
| List all prior or related appeals in this court with appropriate citation(s). | 24-8084 interlocutory appeal of District Court's denial of Preliminary Injunction, filed December 9, 2024. |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.     APPEAL FROM DISTRICT COURT**

        **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket:            April 14, 2025

        **2.**   Date notice of appeal was **filed**:   April 18, 2025

        **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):   30 days pursuant to Fed. R. App. P. 4(a)(1)(A)

            **a.**   Was the United States or an officer or an agency of the United States a party below?      No

            **b.**   Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:         No.

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

        N/A

    b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

        N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.     Yes.

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)?

    c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

6. Cross Appeals.

    a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

        N/A

    b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).     N/A

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.** Date of the order to be reviewed: _____

    **2.** Date petition for review was filed: _____

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.** **APPEAL OF TAX COURT DECISION**

    **1.** Date of entry of decision appealed: _____

    **2.** Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

**II.** **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    **A.**    Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

    **B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.**    Describe the sentence imposed. _____
_____

    **D.**    Was the sentence imposed after a plea of guilty? _____

    **E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    **F.**    Is the defendant on probation or at liberty pending appeal? _____

    **G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Appellant Dr. Eric Cubin filed a complaint under 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution, against appellee Wyoming Governor Mark Gordon. Shortly thereafter, Dr. Cubin filed a motion for a preliminary injunction requesting that the district court order Governor Gordon to restore him to his position on the Wyoming Board of Medicine. The complaint and motion generally allege that Governor Gordon retaliated against Dr. Cubin because of his protected speech and right to petition the government in violation of the First Amendment.

Specifically, Dr. Cubin alleges that Governor Gordon had previously appointed Dr. Cubin to the Wyoming Board of Medicine. In or around February of 2024, Dr. Cubin sent an email to the entire Wyoming House of Representatives and offered his opinion on a bill being debated, Chloe's Law, which prohibited physicians from performing certain gender altering procedures on minors. Dr. Cubin supported Chloe's Law, which the Wyoming legislature eventually passed, and Governor Gordon signed into law. Later in or around April of 2024, Governor Gordon removed Dr. Cubin from the Board because of his email to the Wyoming House of Representatives.

The district court conducted an evidentiary hearing on November 8, 2024, regarding Dr. Cubin's motion for a preliminary injunction. On November 14, 2024, the district court denied Dr. Cubin's motion. On December 9, 2024, Dr. Cubin appealed the denial of preliminary injunction. On March 26, 2025, Dr. Cubin filed his principal brief in that appeal. Appellee was due to file his brief in response by April 25, 2025.

On April 14, 2025, while that appeal was pending, the district court granted Defendant's Motion for Judgment on the Pleadings, filed on November 25, 2024, and entered final judgment in the case. This appeal follows.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

   1.   Whether the district court erred in granting judgment on the pleadings in Defendant-Appellee's favor with respect to Plaintiff-Appellant's claims that his termination: 1) was improper retaliation against Dr. Cubin's exercise of his First Amendment right to free speech; 2) was improper retaliation against Dr. Cubin's exercise of his First Amendment right to petition.
   2.   Whether the district court erred in dismissing without prejudice Dr. Cubin's claim that Defendant-Appellee violated Dr. Cubin's rights of free speech and petition under the Wyoming State Constitution.

V.     **ATTORNEY FILING DOCKETING STATEMENT:**

Name: Bridget Conlan          Telephone: (512) 481-4400

Firm: Liberty Justice Center

Email Address: bconlan@libertyjusticecenter.org

Address:     7500 Rialto Blvd.,

Suite 1-250

Austin, TX 78735


/s/ Bridget F. Conlan                                              4/25/25

Signature                                                                  Date

# CERTIFICATE OF SERVICE

I, <u>Bridget Conlan</u>, hereby certify that on April 25, 2025, I served a copy of the foregoing **Docketing Statement**, to Tim Miller and Brandi Monger, attorneys with the Wyoming Attorney General's Office and counsel of record for Appellee Governor Mark Gordon, via electronic mail at tim.miller@wyo.gov and brandi.monger@wyo.gov.

<u>/s/ Bridget F. Conlan</u>
Signature

<u>4/25/25</u>
Date

Liberty Justice Center
7500 Rialto Blvd.
Suite 1-250
Austin, TX 78735
bconlan@libertyjusticecenter.org

*Attorney for Appellant Dr. Frederick William "Eric" Cubin III*